UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN ERNESTO MURGA CASAS,

Petitioner,

Case No. 2:26-cv-1386-KCD-KRH

v.

FIELD OFFICE DIR. GARRETT RIPA, *et al.*,

Respondents.

______________________________/

**ORDER**

Petitioner Juan Ernesto Murga Casas has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued imprisonment violates the Fifth Amendment. (*Id.* at 5.) Respondents oppose the petition. (Doc. 8.) For the reasons below, the petition is **GRANTED**.

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to provide evidence sufficient to rebut that

showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Applied here, Casas satisfies the initial temporal requirement. ICE took him into custody over six months ago. Because the period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Casas has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal. He does so by pointing to the fact that no country has agreed to accept him and to the fact that he has not yet been deported or received travel papers. (Doc. 25 at 2.) Indeed, the Government has had many years to deport Casas, and it has failed. This is more than enough reason to believe his removal is nowhere in sight.

The burden thus shifts to the Government to rebut Casas' showing, but they fail to do so. *Akinwale*, 287 F.3d at 1052. This outcome should come as no surprise—the record offers no documents, no diplomatic agreements, and no concrete evidence that Casas will be removed in the near future. (Docs. 24, 24-1.) Instead, the Government proffers that Casas refused removal to Mexico, citing his refusal at the border and refusal to sign removal forms.

(Doc. 24-1 at 2.) Although Casas refused to sign the forms, the Government does not tell the Court whether that refusal even acts as a roadblock to his removal. It doesn't seem so because the deportation officer's declaration states that his removal remains likely in the foreseeable future (*Id.*) At bottom, because the Government offers nothing to suggest that his removal to Mexico, or anywhere else, is more likely now than it was decades ago, Casas must be released.

## III. Conclusion

Because the Government cannot show any real prospect of deportation, the Court finds no significant likelihood that Casas will be removed in the reasonably foreseeable future. He is therefore entitled to release from ICE custody under *Zadvydas*. But that release is not a free pass—he remains subject to the strict conditions of his prior order of supervision. To the extent Casas raised any other claims, they are denied. He is entitled to no other relief from the facts presented.

Accordingly, it is **ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as set forth above.

2. Respondents are ordered to **RELEASE** Petitioner Juan Ernesto Murga Casas from custody within 48 hours of this Order under the prior conditions of supervision, which Petitioner must continue to comply with.

Respondents shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**ORDERED** in Fort Myers, Florida on August 5, 2026.

Kyle C. Dudek
United States District Judge